Filed 9/22/25  P. v. Holtry CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ELLIS HOLTRY,<br><br>Defendant and Appellant. | H053064<br>(Monterey County<br>Super. Ct. No. SC008887A) |

The trial court sitting as the trier of fact convicted defendant Michael Ellis Holtry in 1994 of two counts of first degree murder, attempted first degree murder, and other offenses, with various special circumstances and enhancements found true.  The trial court imposed a sentence that included two terms of life without the possibility of parole.

In 2024, Holtry filed a "Request for Recall of Sentence and Resentencing" pursuant to Penal Code section 1172.1.[1]  The trial court responded to the request by stating that it "declines the invitation to resentence" Holtry.  Holtry appeals.

We conclude that the trial court's decision not to respond to Holtry's recall and resentencing request does not constitute an appealable order because the trial court's decision did not affect Holtry's substantial rights under section 1237, subdivision (b). We therefore will dismiss the appeal.

---

[1] Unspecified statutory references are to the Penal Code.

# I. PROCEDURAL BACKGROUND[2]

Holtry was tried for offenses including two separate murders committed in 1992 when he was 23 and 24 years old. The court in a non-jury trial convicted Holtry of two counts of first degree murder (§ 187, subd. (a)), attempted first degree murder (§§ 664, 187, subd. (a)), aggravated mayhem (§ 205), and attempted first degree robbery (§§ 664, 212.5, subd. (a)), with various special circumstances and enhancements found true. Holtry's sentence included two terms of life without the possibility of parole. This court affirmed the judgment in Holtry's initial appeal. (*People v. Holtry* (Jul. 31, 1995, H012718 [nonpub. opn.].)

In 2011, Holtry wrote the trial court requesting an opportunity to be released from prison, even though he recognized his life without parole sentence did not permit this. The trial court responded that it lacked jurisdiction to address Holtry's request.

In 2019, Holtry twice petitioned for relief under what is now designated as section 1172.6, arguing he could no longer be convicted of murder because of recent changes to sections 188 and 189. The trial court denied both petitions, finding Holtry did not establish a prima facie case for relief.

In 2023, Holtry moved the trial court to conduct a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), at which he could collect and preserve evidence pertaining to his youth at the time of the offenses. The trial court denied the motion because under section 3051, subdivision (h), a person such as Holtry sentenced to life without parole for a controlling offense committed after the person had attained 18 years of age is not eligible for a youth offender parole hearing, and thus a *Franklin* hearing was not warranted. This court affirmed the trial court's order. (*People v. Holtry* (May 6, 2024, H051396) [nonpub. opn.].)

---

[2] The facts of the offenses are immaterial to our analysis. This procedural history is taken in part from the appellate record in Holtry's prior appeal, case No. H051396. We grant Holtry's request for judicial notice of the record and opinion in that prior appeal.

In 2024, Holtry submitted a pro se request for recall and resentencing under section 1172.1, which permits a trial court to recall and resentence a defendant if the applicable sentencing laws at the time of the original sentencing are subsequently changed. (*Id.*, subd. (a)(1).) Holtry's request cited four changes in sentencing laws that he asserted affected his case, including amendments to section 1172.6 regarding vacation of murder, attempted murder, or manslaughter convictions based on imputed malice theories.

In response to this request, the trial court noted as follows on a "Request for Action" form: "The court reviewed the petition filed by Mr. Holtry and the facts of Monterey Superior Court case SC0088[8]7A. The court declines the invitation to resentence Mr. Holtry, who is serving a [life without parole] sentence for murdering two people. Mr. Holtry is not eligible for sentencing under PC 1170.26 [*sic*] as he admitted under oath at his trial that he shot and killed both victims." An out-of-court entry by the clerk similarly states: "The court has reviewed the defendant's request and declines the invitation to resentence. Defendant is not eligible for sentencing under PC 1170.26 [*sic*] as defendant admitted under oath during his trial that he shot and killed both victims."

Holtry timely appealed. This court ordered Holtry to show cause why the appeal should not be dismissed as taken from a nonappealable order, and Holtry responded. Holtry's counsel then filed a brief with this court pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), stating the case and facts but raising no issues. This court notified Holtry of his right to submit written argument on his own behalf within 30 days. Holtry filed a supplemental brief on his own behalf asserting that he is entitled to recall and resentencing under section 1172.1.

## II. DISCUSSION

### A. *Legal Principles*

In 2023, the Legislature passed Assembly Bill No. 600 (2023-2024 Reg. Sess.), amending section 1172.1 to grant a trial court the authority to initiate recall and

resentencing on the court's own motion at any time, if the applicable sentencing laws have changed since the defendant's original sentencing.  (Stats. 2023, ch. 446, § 2.)  Section 1172.1, subdivision (a)(1) thus provides in relevant part:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."  Section 1172.1, subdivision (a)(1) also states:  "Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case."  However, under section 1172.1, subdivision (c):  "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute.  [Citations.]"  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)  Holtry asserts that section 1237, subdivision (b) authorizes his appeal.  That provision states that an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party."  "Our cases do not provide a comprehensive interpretation of the term 'substantial rights' as used in section 1237, subdivision (b) . . . ."  (*Loper*, *supra*, at p. 1161, fn. 3.)  "However, a postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto.  [Citations.]"  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted (*Teal*).)

The four published Court of Appeal decisions addressing the appealability of a trial court's decision not to respond to a defendant's section 1172.1 request hold that such a decision is generally not appealable because the statute clearly indicates that a defendant has no right to a hearing on a self-initiated request for recall and resentencing. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*).)

**B.** *Analysis*

We conclude that the trial court's decision not to recall the sentence and resentence Holtry is not an appealable order. Section 1172.1 does not in itself provide Holtry with any substantial rights, and he does not identify any other basis for a substantial right under section 1237, subdivision (b) based on the trial court's decision. As a result, we are without jurisdiction to consider his appeal, and we will dismiss it.

Under section 1172.1, subdivision (c), the trial court was not required to respond to Holtry's request for the court to exercise its own authority to recall his sentence and to resentence him. This "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) "If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence." (*Roy*, *supra*, 110 Cal.App.5th at p. 998.)

Here, the trial court did not specifically state that it declined to "respond" to Holtry's recall and resentencing request under section 1172.1, subdivision (c). However, the trial court's statement that it "declines the invitation to resentence" Holtry was the equivalent of declining to respond to Holtry's request.

Section 1172.1 sets forth procedures for the trial court to substantively consider and rule upon a recall and resentencing request, including considering postconviction

5

factors, stating its reasons for its decision on the record, and providing a hearing. (§ 1172.1, subd. (a)(5)-(9).) The trial court did not employ these procedures. Thus, the trial court elected not to "respond" to Holtry's request. (*Id.*, subd. (c).) "We need not consider in this case whether a defendant's substantial rights are at stake when a trial court has denied resentencing after it has (1) formally initiated a process to consider that decision on its own motion; (2) held a hearing under section 1172.1, subdivision (a)(9); and (3) issued a ruling explaining its reasons under subdivision (a)(7). In that situation, the trial court's own motion is arguably equivalent to an authorized motion by designated authorities, creating a right for the defendant to a ruling on the merits. That did not occur here." (*Hodge*, *supra*, 107 Cal.App.5th at p. 999.)

The trial court's additional statement that it concluded Holtry was ineligible for resentencing under section "1170.26"—which we interpret to refer to section 1172.6—does not mean that the trial court responded to Holtry's request. The trial court already denied two section 1172.6 petitions by Holtry because Holtry failed to establish a prima facie case for relief. The trial court's statement that Holtry was not eligible for section 1172.6 relief because he admitted he killed the victims simply emphasized what the trial court had already twice concluded: Holtry was ineligible for section 1172.6 relief as a matter of law. This one statement concerning one of Holtry's four requested bases for section 1172.1 relief does not amount to substantively responding to the recall and resentencing request.

Holtry's brief in response to this court's order to show cause and his subsequent *Delgadillo* brief rely on *Loper*, *supra*, 60 Cal.4th 1155 to argue that he may appeal from the trial court's decision not to respond to his recall and resentencing request. However, *Loper* is distinguishable.

In *Loper*, the California Supreme Court concluded that the defendant could appeal a trial court's denial of a recommendation by the Department of Corrections and Rehabilitation that the defendant's sentence be recalled under section 1170, former

6

subdivision (e) and that he be granted compassionate release. (*Loper*, *supra*, 60 Cal.4th at pp. 1158-1159.) The California Supreme Court stated, "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.) Our Supreme Court concluded that the trial court's denial of the recommendation affected Loper's substantial rights because "[b]y providing a mechanism for releasing eligible prisoners from custody, [former] section 1170(e) implicates a prisoner's substantial interest in personal liberty" and because the statute "establishe[d] eligibility criteria [citation], suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Id.* at p. 1161, fn. 3.)

*Loper* is distinguishable because there, the trial court was *required* to consider whether to recall the defendant's sentence in response to a recommendation by the Secretary of the Department of Corrections and Rehabilitation. Under section 1170, former subdivision (e)(3): "Within 10 days of receipt of a positive recommendation by the secretary or the board, the court *shall* hold a hearing to consider whether the prisoner's sentence should be recalled." (Italics added.) (Stats. 2014, ch. 26, § 17, subd. (e)(3); see also *Teal*, *supra*, 60 Cal.4th at p. 600 [trial court's determination that petitioner was ineligible for resentencing under section 1170.126 was appealable where the trial court was required to determine petitioner's eligibility for resentencing upon filing of the petition].) Here, by contrast, section 1172.1, subdivision (c) expressly states "the court is not required to respond" to a defendant's request for recall and resentencing, and the statute provides no eligibility criteria. Thus, *Loper* does not control here.

In addition, Holtry's brief in response to this court's order to show cause and his subsequent *Delgadillo* brief cite *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*) to assert that a trial court's decision not to act on a section 1172.1 request is appealable. We conclude that *Carmony* does not support his argument.

7

*Carmony* involved a trial court's denial of a motion to dismiss prior strikes pursuant to section 1385. (*Carmony*, *supra*, 33 Cal.4th at p. 371.) Under section 1385, subdivision (a), a trial court "may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Carmony moved to dismiss two prior strike convictions under section 1385, but based on his record, the trial court concluded Carmony fell within the spirit of the "Three Strikes" law and declined to dismiss the strikes. (*Carmony*, *supra*, at p. 373.)

On review, the California Supreme Court rejected the "faulty" reasoning of a prior Court of Appeal decision "to the extent it holds that appellate courts lack authority to review a trial 'court's informed decision' not to 'exercise its section 1385 power in the furtherance of justice.' [Citation.]" (*Carmony*, *supra*, 33 Cal.4th at p. 375.) Our Supreme Court held: "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' [Citation.]" (*Ibid.*) Noting that the prosecution has the power to appeal a trial court's decision to dismiss a strike, the court concluded that "as a matter of logic and fairness, the defendant should have the concomitant power to appeal a court's decision not to dismiss a prior under section 1385 even though he or she cannot make a motion to dismiss." (*Id.* at p. 376.)

*Carmony* does not apply here. Carmony had a statutory right to appeal from a final judgment of conviction under section 1237, subdivision (a). Accordingly, the *Carmony* court had no occasion to consider whether the trial court's decision affected Carmony's substantial rights under section 1237, subdivision (b) because the decision was not an "order made after judgment." "It is axiomatic that cases are not authority for

8

propositions not considered. [Citations.]" (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.)

Although section 1172.1, subdivision (c) states "[a] defendant is not entitled to file a petition seeking relief from the court," a defendant is not prohibited from making an informal request for the court to exercise its authority under the statute. (*Roy*, *supra*, 110 Cal.App.5th at p. 998.) Furthermore, if the applicable sentencing laws have changed in a given case, nothing in the language of section 1172.1 prohibits a trial court from exercising its own-motion jurisdiction to recall the defendant's sentence following an informal request. (*Ibid.*) However, the mere fact that the trial court may choose to exercise its authority to respond to a defendant's section 1172.1 request or recall the sentence on its own motion does not mean that the trial court's decision not to respond to a recall and resentencing request affects the defendant's substantial rights under section 1237, subdivision (b).

The Court of Appeal in *Faustinos* concluded that because "[a] defendant never has a *right* to a trial court initiation of a section 1172.1 resentencing . . . [a] trial court's discretionary decision not to initiate a proceeding on its own motion cannot be legal error that affects a defendant's substantial rights." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 697.) We do not need to decide whether a trial court's action in response to a defendant's section 1172.1 request is per se nonappealable solely because a defendant does not have the right to seek section 1172.1 recall and resentencing. We merely conclude that because the trial court was not required to respond to Holtry's request, because the trial court did not respond to the request, and because Holtry did not identify anything in the trial court's order declining to respond affecting his substantial rights under section 1237, subdivision (b), the trial court's decision is not appealable in this case.

The trial court recognized it had jurisdiction to act on Holtry's request for recall and resentencing, but it declined to respond, consistent with its authority under

section 1172.1, subdivision (c).  We see nothing in the record showing the nature and claim of the trial court's order affected Holtry's substantial rights under section 1237, subdivision (b).  Accordingly, we will dismiss the appeal.

### III. DISPOSITION

The appeal is dismissed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

H053064
People v. Holtry